2025 IL App (1st) 242606-U

No. 1-24-2606

Order filed December 5, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 236006820 |
| | ) | |
| DARRYL WRIGHT, | ) | Honorable |
| | ) | Fredrick H. Bates, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Mitchell and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the trial court where defendant failed to provide a record on appeal sufficient for our review of the issues presented.

¶ 2    Defendant Darryl Wright appeals *pro se* from the trial court's order entering judgment against him and in favor of plaintiff American Express National Bank (American Express) for $7,491.14, plus $451.21 in costs. On appeal, Wright argues that the trial court erred in denying his

motion to dismiss, failed to recognize his "valid disputes," and accepted hearsay evidence. We affirm.

¶ 3    The record on appeal consists of one volume of the common law record and lacks a report of proceedings or acceptable substitute.

¶ 4    On July 13, 2023, American Express filed a complaint for breach of contract against Wright alleging that he defaulted on his credit card account by failing to make payments. The balance due on Wright's account was $7,491.14.

¶ 5    On April 10, 2024, Wright filed a motion to dismiss arguing that American Express lacked standing; the causes of action specified in the complaint were "insufficient as a matter of law" because they were not supported by evidence; there was no valid agreement between the parties; American Express securitized the receivables and was no longer a creditor; no legal account existed; and there was no lawful consideration. In addition, Wright argued that counsel for American Express was a debt collector who failed to validate the alleged debt in violation of the Fair Debt Collection Practices Act (FDCPA).

¶ 6    On August 13, 2024, American Express filed a response arguing that Wright's motion failed to identify deficiencies in the complaint where it alleged each element needed for a breach of contract claim and attached the "Cardmember Agreement" to the complaint. The response acknowledged that Wright requested monetary damages for alleged violations of the FDCPA, and countered that Wright "has no pending claims" against American Express. Finally, American Express stated that it did validate the debt as Wright requested.

¶ 7    On September 9, 2024, the circuit court denied Wright's motion to dismiss.

¶ 8    On December 9, 2024, the circuit court entered judgment "after trial" in favor of American Express and against Wright for $7,491.14, plus $451.21 in costs. The order stated that both American Express and Wright appeared. The circuit court noted that Wright "failed to answer basic questions" and "lacked veracity." The circuit court rejected Wright's affirmative defenses, including that American Express lacked standing and violated the FDCPA, because "no evidence [was] proffered."

¶ 9    Wright appealed.

¶ 10    After American Express failed to file a brief on appeal within the time-period prescribed by Rule 343(a), this court, on its own motion, entered an order taking the appeal on the record and Wright's brief only. Ill. S. Ct. R. 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (case may be taken on appellant's brief only where the issues are simple and can be decided without additional briefing).

¶ 11    On appeal, Wright argues that the circuit court erred in denying his motion to dismiss for three reasons. First, he claims that because the alleged debt was sold to a third party through securitization, American Express "had no standing to sue as it did not own the debt." Second, he argues the circuit court failed to recognize his "valid disputes," namely that American Express "took legal action to collect on an alleged debt prior to providing lawful validation in violation of 15 U.S.C. § 1692g." Finally, Wright argues the circuit court improperly accepted hearsay evidence and testimony where "the attorney gave testimony and introduced evidence" and "there was no fact witness with firsthand knowledge" who testified.

¶ 12    However, deficiencies in the record prevent us from reviewing this appeal on the merits. Wright, as appellant, bears the burden of presenting a "sufficiently complete record of the

proceedings at trial to support a claim of error" so that this court may evaluate that alleged error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there was the error claimed by the appellant."). Any doubts that may arise due to the incompleteness of the record are resolved against Wright. *Id.* at 392.

¶ 13    Rule 321 states that the record on appeal shall include the "entire original common law record" and "any report of proceedings prepared in accordance with Rule 323." Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). Under Rule 323, the report of proceedings may be a transcript of the proceedings, bystanders report, or agreed statement of facts. See Ill. S. Ct. R. 323 (eff. July 1, 2017).

¶ 14    As stated, the record on appeal lacks a report of proceedings or substitute therefor. The court's written order awarding $7,491.14 to American Express indicates that both American Express and Wright appeared and judgment was entered "after trial." Without a report of proceedings or an acceptable substitute, this court has no knowledge of what evidence and arguments were presented to the court at trial and the basis for the court's order regarding the issues Wright raises on appeal. Thus, the record is insufficient for our review of the merits of Wright's appeal. We therefore must presume that the trial court acted in compliance with the law and had a sufficient factual basis for its findings. *Foutch*, 99 Ill. 2d at 391-92; *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005).

¶ 15    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 16    Affirmed.